CY T. HAINEY, ESQ., (State Bar No. 030634)
Attorney/Owner
Hilltop Law Firm
P.O. Box 9096
Phoenix, Arizona 85068
Telephone and Fax - (602) 466-9631
cy@hilltoplawfirm.com
www.hilltoplawfirm.com

Of Counsel to:
Credit Repair Lawyers of America
39111 Six Mile Road, Suite 142
Livonia, MI 48152
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiffs,*
*Daniel Cook and Stephanie Trzaskowski*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA (PHOENIX)

| | |
|---|---|
| Daniel Cook and Stephanie Trzaskowski, | Case No.: |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| Hunter Warfield, Inc., | |
| Defendant. | **JURY TRIAL DEMAND** |

1

NOW COME THE PLAINTIFFS, DANIEL COOK AND STEPHANIE TRZASKOWSKI, BY AND THROUGH COUNSEL, CY T. HAINEY, ESQ, and for their Complaint against the Defendant, plead as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the city of Phoenix, Maricopa County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

4. Plaintiffs are natural persons residing in the city of Phoenix, Maricopa County, Arizona.

5. The Defendant to this lawsuit is Hunter Warfield, Inc. ("Defendant"), which is a foreign corporation that conducts business in the State of Arizona.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiffs to a third party in the amount of $855.00 ("the alleged Debt").

7. Plaintiffs dispute the alleged Debt.

8. On September 30, 2022, Plaintiff Daniel obtained his Trans Union credit disclosure and noticed that Defendant was reporting the alleged Debt as a collection item.

9. On November 1, 2022, Plaintiff Stephanie obtained her Trans Union credit disclosure and noticed that Defendant was reporting the alleged Debt as a collection item.

10. On November 18, 2022, the Plaintiffs, through their attorneys, sent a Request for Validation of Debt to Defendant to get more information about the alleged Debt as they didn't receive any collection letter from Defendant about the alleged Debt. Plaintiff's attorney included a cease and desist clause in the Request for Validation of Debt for Defendant to cease contact with the Plaintiffs.

11. On November 22, 2022, the Plaintiffs received confirmation that Defendant received their Request for Validation of Debt.

12. On November 30, 2022, a prospective lender, Elan Visa, obtained Plaintiff Stephanie's Trans Union credit file.

13. On December 21, 2022, Plaintiff Daniel obtained his Trans Union credit disclosure, which showed that Defendant last reported the tradeline reflected by the collection item to Trans Union on December 18, 2022, and failed or refused to flag the tradelines as disputed, in violation of the FDCPA.

3

14. On December 22, 2022, Plaintiff Stephanie obtained her Trans Union credit disclosure, which showed that Defendant last reported the tradeline reflected by the collection item to Trans Union on December 18, 2022, and failed or refused to flag the tradeline as disputed, in violation of the FDCPA.

15. On December 27, 2022, Defendant called Plaintiff Daniel. Although Plaintiff Daniel is represented by an attorney and Plaintiff Daniel's attorney asked Defendant to cease contact with Plaintiff, Defendant continued to contact Plaintiff, in violation of the FDCPA.

16. In the credit reporting industry, data furnishers, such as Defendant, communicate electronically with the credit bureaus.

17. Defendant had more than ample time to instruct Trans Union to flag its collection item as disputed.

18. Defendant's inaction to have its collection item on Plaintiffs' Trans Union credit reports flagged as disputed was either negligent or willful.

19. Plaintiffs suffered pecuniary and emotional damages as a result of Defendant's actions. Because Defendant failed or refused to flag its collection item as disputed, Plaintiff's credit score has been improperly depressed, making it harder for them to obtain employment, housing, and credit for their day-to-day needs. Their credit reports continue to be damaged due to Defendant's failure to properly report the associated collection item. Plaintiffs have suffered stress,

4

anxiety, depression, anger, nervousness, frustration, panic attacks, and crying spells, due along with loss of sleep, restlessness/ discomfort, tense discussions with each other, and stomach problems due to Defendant's failure to comply with its obligations under the Fair Debt Collection Act.

## **VIOLATION OF**

## **THE FAIR DEBT COLLECTION PRACTICES ACT**

20. Plaintiffs reincorporate the preceding allegations by reference.

21. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debt on behalf of other individuals or entities.

22. Plaintiffs are a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

23. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6). Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692c by communicating with Plaintiff Daniel after receiving notice that Plaintiff Daniel is represented by attorney and failure to cease communication with Plaintiff Daniel after receiving a written notice to cease communication with Plaintiff Daniel.

b. 15 U.S.C. §1692e by using deceptive practices and false representations to collect the alleged Debt by contacting Plaintiff Daniel after receiving notice that Plaintiff Daniel is represented by an attorney.

24. Defendant's foregoing acts in attempting to collect this alleged Debt violated 15 U.S.C. §1692e(8) of the FDCPA by reporting credit information which is known to be false, including the failure to communicate that a disputed debt is disputed.

25. Plaintiffs have suffered harm and damages at the hands of Defendant, and this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as Plaintiffs, by Congress.

26. Defendant's failure to flag its collection item as disputed on Plaintiffs' consumer credit files is humiliating and embarrassing to Plaintiffs, as it creates a false impression to users of their credit reports that they have simply ignored this debt when, in fact, they dispute its validity.  Again, Defendant's failure or refusal to flag the alleged Debt as disputed depresses Plaintiffs' credit scores.

27. To date, and as a direct and proximate cause of Defendant's failure to honor its statutory obligations under the FDCPA, Plaintiffs have suffered, and continue to suffer, from stress, frustration, and humiliation from not being able to get a loan.

28. To date, and as a direct and proximate cause of Defendant's failure to honor its statutory obligations under the FDCPA, Plaintiffs have suffered, and continue to suffer, from degraded credit reports and credit scores.

29. Plaintiffs have suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFFS PRAY** that this court grant them a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## <u>DEMAND FOR JUDGMENT RELIEF</u>

Accordingly, Plaintiffs request that the Court grant them the following relief against Defendant:

a.  Actual damages;

b.  Statutory damages; and

c.  Statutory costs and attorneys' fees.

## <u>JURY DEMAND</u>

Plaintiffs hereby demand a trial by Jury.

DATED:  January 3, 2023

HILLTOP LAW FIRM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By: */s/   Cy T. Hainey*
Cy T. Hainey, Esq.,
Attorneys for Plaintiff,
Daniel Cook and Stephanie Trzaskowski